BELL, J.,
specially concurring.
As the majority opinion explains in footnote 1, (1) this case is one of pure statutory interpretation; no constitutional claims have been raised; and, (2) the “unanswered questions” raised by Koile are clearly beyond the scope of the certified questions. Majority op. at 1230 n. 1. In light of this explanation, I join in the majority opinion; but I do so with grave reservations. There is an enormous potential for injustice if damages such as lost future income are imposed as restitution in the typical criminal sentencing process. *1235 Therefore, I strongly urge the Legislature to consider the intended scope of damages to be awarded as restitution.
If the criminal justice system is tasked with the duty of determining damages like lost future income, there are a myriad of “unanswered questions” about its ability to do so fairly under the procedures currently employed. I will state just a few of these “unanswered questions.” In the typical civil case, a jury is the trier of fact on the issue of damages. The civil jury has the benefit of hearing competing witnesses, especially experts, that assist it in assessing a plaintiff’s claim for damages, particularly the more difficult question of future damages like lost future income. How is the criminal justice system to replicate this adversarial testing in a criminal case? Must a jury now be empaneled? Will the state provide expert witnesses to criminal defendants so that there is an adequate testing of the victim’s claim for such damages? Will these experts and other witnesses be subjected to the crucible of cross-examination that they face in civil cases? What about pretrial discovery? Extensive discovery is taken in civil cases to explore claims for damage. This is not true of the typical criminal case. The focus of discovery in criminal cases is the crime itself, not the measure of all economic damages that may flow from the crime. So, if the criminal court is to fairly assess damages such as lost future income, what similar discovery process must be available in criminal cases? Additionally, if the victim is deceased, how does the criminal court replicate the assurance in civil cases that a personal representative and an estate attorney are in place to properly represent the estate and protect the conflicting interests of beneficiaries and creditors? Last, but certainly not least, how will the criminal justice system assure that criminal defendants are adequately represented by attorneys trained in the nuances of tort law?
These questions about the impact of the law from this particular case should not be taken to imply that the harm caused by crime should not be fully recompensed. Those who harm others must be held responsible to repair that harm. Indeed, the fair assessment and reparation of such harm is a fundamental purpose of our entire system of justice; but one cannot ignore the reality that the two main arms of our justice system, the civil and the criminal systems, are separate and distinct for good reasons. And, one cannot lose sight of this distinctiveness in the pursuit of the laudable goal of assuring that victims of crimes are made whole. The civil and criminal systems confront, process, and resolve differing forms and degrees of harm in fundamentally different ways. Although each arm may assist the other in achieving due reparation of harm, there is an inherent limitation on the ability of either arm to properly perform the duties the other is uniquely designed to handle.
This differentiation between the civil and criminal arms of our justice system is the core of my concern about the impact of the law from this case. I am gravely concerned that the criminal system will be either compelled or, even more problematic, emboldened to do what it cannot do competently or fairly. The criminal system is certainly capable of fairly assessing and imposing restitution for the, typical economic harm caused by most crimes. However, it is not equipped to do so fairly for every form of economic damage suffered by crime victims, much less their relatives and heirs, particularly damages like lost future income.
Therefore, although the majority’s reading of the statutory language is proper, I *1236 seriously question that the result is one contemplated, much less intended, by the Legislature. In light of all this, I repeat my urging that the Legislature address this important question. And, until and unless a change is made in the statute, if the criminal justice system must shoulder the burden of determining damages such as lost future income, to do so fairly it will have to reassess the way it processes restitution issues. Indeed, its traditional and typically summary processes in restitution hearings may have to be dramatically redesigned.
CANTERO, J., concurs.